IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FRED DARWIN DOBBS, an individual, and DARWIN DOBBS COMPANY, a corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 3:03-cv-39-F (WO) |
| GENERAL MOTORS CORPORATION, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Fred Dobbs and Darwin Dobbs Company (hereinafter "Plaintiffs") filed this lawsuit on December 11, 2002 against defendant General Motors Company (hereinafter "Defendant") in the Circuit Court of Tallapoosa County, Alabama. (Doc. # 1, Compl.) By the Complaint, Plaintiffs allege the following claims against Defendants: violation of the Alabama Automobile Dealer Act, breach of contract and implied covenant of good faith and fair dealing, fraud, estoppel and unjust enrichment. (*Id*.)

On January 13, 2003, Defendant removed the lawsuit to this Court on the basis of jurisdiction under 28 U.S.C. § 1332. (Doc. # 1, Notice of Removal.) On the same date, Defendant filed its Answer denying all liability and asserting numerous defenses. (Doc. # 2.) Shortly thereafter, on January 21, 2003, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), that is, for lack of subject matter

jurisdiction[1] and failure to state a claim upon which relief can be granted. (Doc. # 3, Mot. Dismiss.) In its motion, Defendant also argues that plaintiff Fred Dobbs is not a proper party to this litigation and should be stricken pursuant to Federal Rule of Civil Procedure 12(f). (*Id*.) On March 4, 2003, Plaintiffs filed their opposition to the motion, and on March 17, 2003, Defendant filed its reply. (Docs. # 8 & 9.)

Accordingly, it is hereby ORDERED as follows:

1. The motion is DENIED. As the motion to dismiss was filed after the filing of the Answer, it is not properly before the Court.[2]

2. The parties are hereby reminded of the obligation, imposed by Rule 26(f) of the Federal Rules of Civil Procedure, to confer and to develop a proposed discovery plan.  **Pursuant to Federal Rule of Civil Procedure 26(f), a Report of Parties Planning Meeting containing the discovery plan shall be filed as soon as practicable but not later than thirty days after the date of**

---

[1] The Court notes that Defendant does not assert that subject matter jurisdiction is lacking for the lawsuit, it merely asserts that Plaintiffs' claim for unlawful termination of the Oldsmobile franchise should be dismissed for lack of subject matter jurisdiction because it is not ripe for judicial review. (*See* Mot. Dismiss 5.) Consequently, Federal Rule of Civil Procedure 12(h)(3) is not applicable and does not preclude denial of the motion. *See* Fed. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the *action*.") (emphasis added).

[2] *See* Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made *before* pleading if a further pleading is permitted.") (emphasis added); Fed. R. Civ. P. 12(f) ("Upon motion made by a party *before* responding to a pleading. . .".) (emphasis added). *Also Philippine Airlines, Inc. v. Nat'l Mediation Bd.*, 430 F. Supp. 426, 427 n.1 (D.C. Cal. 1977) (noting that Rule 12(b) motions must be made before the filing of an answer); *Green v. City of Bessemer, Ala*., 202 F. Supp. 2d 1272, 1273-74 (N.D. Ala. 2002) (denying motion to dismiss as untimely insofar as it was filed after the filing of the answer).

**entry of this Memorandum Opinion and Order.** The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case related reasons for the requested variance. This case will be set for trial before the undersigned judge during one of that judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the Court's website located at http://almd.uscourts.gov in the civil case information section. This Court may or may not hold a scheduling conference before issuing a scheduling order. If the Court holds a scheduling conference, counsel may participate in the scheduling conference by conference call. The scheduling order entered by the Court will follow the form of the Uniform Scheduling Order adopted by the judges of this court. The Uniform Scheduling Order is also available on the Court's website. The Report of the Parties' Planning Meeting should comply with Form 35 of the Appendix of Forms to the Federal Rules of Civil Procedure.

DONE this 17th day of August, 2005.

                                                        /s/ Mark E. Fuller
                                          CHIEF UNITED STATES DISTRICT JUDGE